**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**CHRISTINA LEAS DUNN**                                                                 **PLAINTIFF**

**V.**                                               **CASE NO. 5:25-CV-5107**

**NELNET**                                                                              **DEFENDANT**

**OPINION AND ORDER**

Before the Court are *pro se* Plaintiff Christina Dunn's Motion to Alter or Amend Judgment (Doc. 69), Defendant Nelnet's Response in Opposition (Doc. 70), and Ms. Dunn's Reply (Doc. 71). Ms. Dunn asks the Court, pursuant to Federal Rule of Civil Procedure 59(e), to set aside its Judgment (Doc. 67) dismissing her case without prejudice for failure to state a claim and to grant her leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2). She contends that the Court erred in its Order (Doc. 66) granting Nelnet's Motion to Dismiss (Doc. 10) by failing to address her Fair Credit Reporting Act claims against Nelnet.

Federal Rule of Civil Procedure 59(e) permits a litigant to seek alteration or amendment of a judgment within 28 days after its entry. "Rule 59 motions are disfavored and 'serve the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence.'" *Tukaye v. Troup*, 157 F.4th 958, 962 (8th Cir. 2025) (citation modified). "Rule 59(e) was adopted as a mechanism for the district court to correct its own mistakes shortly after entering judgment." *Nordgren v. Hennepin Cnty.*, 96 F.4th 1072, 1077 (8th Cir. 2024) (citing *Banister v. Davis*, 590 U.S. 504, 508 (2020)).

Postjudgment motions for leave to amend are similarly disfavored. "District courts in this circuit have considerable discretion to deny" such motions as the "interests of

finality dictate that leave to amend should be less freely available after a final order has been entered." *Par v. Wolfe Clinic, P.C.*, 70 F.4th 441, 449 (8th Cir. 2023) (citation modified). "After judgment has been entered, district courts may not ignore the considerations of Rule 15, but leave to amend a pleading will be granted only if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief.'" *In re SuperValu, Inc.*, 925 F.3d 955, 961 (8th Cir. 2019) (citation modified). "Even if a dismissal is without prejudice, if the court intended the decision to be a final, appealable order, it constitutes dismissal of the entire action, and the more stringent postjudgment standards apply." *Id.* (citation omitted).

Here, Ms. Dunn argues that the Court committed manifest error when it dismissed her case against Nelnet without prejudice, because the Court's Order (Doc. 66) "did not analyze [her] claims arising under the Fair Credit Reporting Act ('FCRA'), despite the complaint alleging credit reporting disputes, reinsertion of deleted tradelines, verification of disputed information, inconsistent reporting among consumer reporting agencies, and resulting credit harm." (Doc. 69, pp. 1–2). The Court previously dismissed the FCRA claims against all other defendants. *See* Doc. 57, pp. 4–5. And the FCRA portion (Count II) of Ms. Dunn's Complaint (Doc. 2) does not assert that Nelnet violated the FCRA. It states that only "Defendants TransUnion, Experian, Equifax, and LexisNexis failed to comply with their obligations under the FCRA, despite Plaintiff's repeated disputes and formal notifications of Nelnet's unlawful reporting." *Id.* ¶ 43. The Complaint does not state that Nelnet acted in violation of the FCRA by, for example, failing to conduct the investigation required of furnishers under 15 U.S.C. § 1681s-2(b), although it does cite that provision without referencing any particular defendant. *Id.* ¶ 50.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief" "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified). Ms. Dunn's Complaint did not provide fair notice to Nelnet that she was accusing it of violating the FCRA.

Even if the Complaint had stated that Nelnet violated the FCRA, it contains no facts supporting such an allegation. While the Court construes Ms. Dunn's Complaint liberally, it will not "construct a legal theory for plaintiff that assumes facts that have not be pleaded." *Stone v. Harry*, 364 F.3d 912 (8th Cir. 2004) (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

Further, even if the Court did attempt to construct such a theory, it would no doubt rely on Ms. Dunn's incorrect conclusions about the status of her student loan debt. Ms. Dunn initially filed this lawsuit based on the mistaken belief that her 2013 bankruptcy case—which she voluntarily dismissed before any debt was discharged—somehow voided her student loans. The Court rejected this theory. *See* Doc. 66, pp. 4–5. In her Reply regarding the instant Motion, Ms. Dunn claims that she "does not challenge the Court's legal conclusions regarding bankruptcy law, and does not attempt to revive any theory previously rejected by the Court." (Doc. 71, p. 1). However, she bases her claim for an altered or amended judgment on Nelnet and the credit reporting agencies' handling of the disputed Nelnet tradelines, the tradelines representing Ms. Dunn's outstanding student loan debt. (Doc. 69, p. 3–5). Her proposed claims thus rest on the rejected theory that she disclaims. (Doc. 69-1). The Court did not manifestly err in failing to expressly

3

address claims which were not pled, and Ms. Dunn is not entitled to amend her complaint after judgment to assert "new" but equally meritless claims.

**IT IS THEREFORE ORDERED** that Ms. Dunn's Motion to Alter or Amend Judgment (Doc. 69) is **DENIED**.

**IT IS SO ORDERED** on this 30th day of April, 2026.


/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE

4